# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: **Gillespie v. Dring**

USCA NO.: 19-2073

LOWER COURT or AGENCY and DOCKET NUMBER:
United States District Court for the Middle District of Pennsylvania

NAME OF JUDGE: A. Richard Caputo

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Gillespie, et al. (hereinafter the "West Shore Property Owners") sued Dring, et al. (hereinafter "Dring") relative to property rights involved with Lake Ariel, a body of water located in Wayne County, Pennsylvania. For a complete list of the West Shore Property Owners, see Exhibit "A" hereto. The West Shore Property Owners sued Dring for breach of contract and for a prescriptive easement. The relief requested by the West Shore Property Owners was an easement, an award of damages in excess of $75,000.00, and counsel fees and costs. Dring filed a counterclaim against the West Shore Property Owners for trespass, requesting damages in excess of $75,000.00, punitive damages, counsel fees and costs.

On October 10, 2018, the Honorable A. Richard Caputo of the United States District Court for the Middle District of Pennsylvania granted Dring's Motion for Summary Judgment on both of the West Shore Property Owner's claims. Judge Caputo did not rule on Dring's counterclaim. The parties entered into a Stipulation, approved by the Court, on April 23, 2019. The Stipulation provided that Dring's counterclaim was voluntarily dismissed without prejudice. Thus, on April 23, 2019, the Court's Order of October 10, 2018, became final and appealable pursuant to the Federal Rules of Civil Procedure.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

The Order of the United States District Court for the Middle District of Pennsylvania of October 10, 2018 is attached hereto as Exhibit "B".

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

The West Shore Property Owners own land on the west shore of Lake Ariel, a body of water located in Wayne County, Pennsylvania. Dring owns land south of the West Shore Property Owners on the west shore of Lake Ariel, as well as a strip of land known as the "West Shore Strip." The West Shore Strip is a strip of land between the West Shore Property Owners' land and the water of the lake, which is owned by a Pennsylvania corporation, Ariel Land Owners (hereinafter "ALO").

There was previous litigation between the West Shore Property Owners, Dring, and ALO which culminated in a Settlement Agreement in 2006. The Settlement Agreement provided in relevant part as follows: Dring and ALO would release claims against each other; the West Shore Property Owners and Dring would release claims against each other; Dring would divide the West Shore Strip into a northern and southern section and convey the northern section to ALO subject to an easement in favor of the West Shore Property Owners; and that ALO would provide an easement to Dring over a section of land known as Cardinal Lane. Years later, it was determined that ALO did not have good title to Cardinal Lane.

Dring sued ALO. On August 16, 2018, the Honorable A. Richard Caputo granted ALO's Motion for Summary Judgment in the matter, holding in part that ALO cannot be sued for breach of contract because of Dring's failure to satisfy a condition precedent to its obligations -- namely, subdividing the West Shore Strip.

In this matter, the Court held Oral Argument on September 14, 2018 after briefing on Dring's Motion for Summary Judgment. The Court granted Dring's Motion for Summary Judgment on October 10, 2018 on both of the West Shore Property Owner's remaining claims, for breach of contract and for promissory estoppel. While the Court's Order indicated that no claims remained, Dring's counterclaim for trespass was still pending. See Exhibit "C". The parties executed a Stipulation, with Court approval, on April 23, 2018, whereby Dring would voluntarily dismiss the trespass claim without prejudice. At that point, the Order of October 10, 2018 became final and appealable pursuant to the Federal Rules of Appellate Procedure.

Identify the issues to be raised on appeal:

Whether the trial court erred in granting Dring's Motion for Summary Judgment on both of the West Shore Property Owners' claims against Dring -- namely, a breach of contract claim and a claim for a prescriptive easement?

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this ___4___ day of ____May____ ,20 _19_ .

_____
Signature of Counsel

Rev. 07/2015

MAJORIE M. GILLESPIE;

THOMAS J. GILLESPIE, JR., Thomas J. Gillespie, Jr. Revocable Trust;

Majorie M. Gillespie Revocable Trust;

MARIE BARGE; JOHN T. NALEVANKO; KATHRYN D. NALEVANKO; JAMES KEEGAN;

JOSEPH KEEGAN; MICHAEL KEEGAN; PATRICK KEEGAN; ROBERT KEEGAN;

ANTHONY LABORANTI, JR.; CAROL A. LABORANTI;

WILLIAM J. HINZ, Trustee for Barbara Hinz, Jacob Hinz and Jacqueline Shaw;

TERRENCE J. DEMPSEY, Trustee for Terry Dempsey, Joan Dempsey,

Jeffrey Dempsey, Christine Kisel and Jennifer O'Shea; JEFFREY DEMPSEY;

CHRISTINE WEST; JENNIFER O'SHEA; JOAN DEMPSEY,

Trustee for Terry Dempsey, Joane Dempsey, Jeffrey Dempsey,

Christine Kisel and Jennifer O'Shea; FRANK R. PENETER;

SHARON D. PENTER; MARK J. ALBERT; DAWN H. ALBERT;

KATHLEEN DEMPSEY; GERARD P. DEMPSEY; ROBERT N. DEMPSEY;

ROBERT M. KARUZIE, SR.; FREDERICK MITCHELL; GREG POTOCHNICK;

ALLAN L. TADDER; JUDITH TADDER; PETER DICENSO;

LEE CONABOY DICENSO; LOUIS CROCE; LORI ANN GIAMMARUSCO;

CATHY LOUISE WALKER; WILLIAM T. TAYLOR,

Executor of the Estate of Robert Taylor; JEFFREY BARONE;

MARILEE BARONE; DAVID NATHAN MCILNAY;

STEPHEN CRESSWELL MCILNAY; DANIEL D. CAPOZZI;

CHRISTOPHER S. CAPOZZI; MARK W. CAPOZZI; PETER M. CAPOZZI;

ELIZABETH A. HEALEY; MARY SARAH MASTRI; H. SARA MASTRI;

RONALD SMITH; ALLAN D. BIRNEY; LYNN W. BIRNEY;

GCR LAKE ARIEL LLC, c/o J. Conrad Bosley; GEORGE W. WHITEHOUSE;

JESSICA FAUX; CECELIA ALTIER; BRIAN JAMES GREGORY;

SCOTT GREGORY; MICHAEL S. KWIATEK; SUSAN H. KWIATEK;

HENRY R. LEMPICKY; CYNTHIA LEMPICKY; RICHARD J. REDLING;

JOAN C. REDLING; MONA H. BARBA; JOHN J. ELTRINGHAM;

SANDRA L. ELTRINGHAM; ROBERT M. GILROY; JEAN ANN GILROY;

MICHAEL MERRICK; WILLIAM EAGAN, Trustee of the Kelly Family Trust;

MARY ELIZABETH EMMEL, Trustee of the Kelly Family Trust;

THOMAS P. JACKOVICS; JUDITH M. JACKOVICS; MARGARET KELLY,

Trustee for Edward, Elizabeth, Thomas and Frank Kelly; FLORENCE KELLY;

LAKE ARIEL FAMILY PARTNERSHIP, LP, c/o Bill Schautz; MATTHEW DRACE;

JONATHAN S. CHERNES; RICHARD C. MERRITT; LISA MERRITT;

SUSANNAH MERRITT; ANN STOODLEY-TEETS;

CAROL STOODLEY-RICHARDS; MARY ELLEN STOODLEY-KENNEDY;

JAMES L. RICHARDS; GRACE E. MERRITT; AMY MERRITT EASTON;

CYNTHIA MERRITT-FISHER; STEPHEN D. MERRITT;

MARTHA MERRITT-SHUGRUE, Trustee of Stoodley Merrit Revocable Trust;

RICHARD GAYLORD; MICHAEL KRAWCZYK; DEBORAH KRAWCZYK;

WILLIAM A. ALBRIGHT; WILLIAM W. ALBRIGHT; HAI Y. WANG;

CHAUN ZHANG; TIMOTHY CLAUSS; ROSANNE CLAUSS; DAVID D. CLAUSS;

REGINA M. CLAUSS; STEVEN KOWALCZYK; KAREN BARILLO;

MICHAEL MALAKIN; BARBARA GUTT; THEODORE E. MALAKIN;
LINDA J. MALAKIN; ERIK J. GUTT; MATTHEW M. GUTT;
GENEVIEVE G. SAYLOR; PETER LOMBARDI; ROBERT J. CLAUSS;
HELEN B. SCOTT; DALE QUAYLE;
MARGARET QUAYLE; CHRISTIAN WOEHRLE,
      Appellants

v.

LORI DRING; NANCY ASARO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARJORIE M. GILLESPIE, *et al.*,

    Plaintiffs,

        v.

LORI DRING and NANCY ASARO,

    Defendants.

NO. 3:15-CV-0950

(JUDGE CAPUTO)

### ORDER

**NOW**, this 10th day of October, 2018, **IT IS HEREBY ORDERED** that:

(1)    The Motion for Summary Judgment (Doc. 61) filed by Defendants Lori Dring and Nancy Asaro is **GRANTED**.

(2)    Judgment is **ENTERED** in **FAVOR** of Defendants Dring and Asaro and **AGAINST** Plaintiffs on all Counts of the Amended Complaint (Doc. 22).

(3)    As no claims remain, the Clerk of Court is directed to mark this case **CLOSED**.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge


EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARJORIE M. GILLESPIE, *et al.*,

    Plaintiffs,

    v.

LORI DRING and NANCY ASARO,

    Defendants.

NO. 3:15-CV-0950

(JUDGE CAPUTO)

### ORDER

**NOW**, this 29th day of October, 2018, upon consideration of Defendants Lori Dring and Nancy Asaro's Motion for Reconsideration (Doc. 102) and brief in support thereof (Doc. 103), **IT IS HEREBY ORDERED** that:

(1)    The Motion for Reconsideration (Doc. 102) filed by Defendants Lori Dring and Nancy Asaro is **GRANTED**.

(2)    Section (3) of this Court's Order of October 10, 2018 (Doc. 99) directing the Clerk of Court to mark this case closed is **VACATED**.

(3)    The Clerk of Court is directed to **REOPEN** this case.

A. Richard Caputo
United States District Judge

**EXHIBIT C**